UNITED STATES of America, Plaintiff-Appellee,

v.

Noble C. BEASLEY, Defendant-Appellant.

No. 74–1338.

United States Court of Appeals, Fifth Circuit.

July 14, 1976.

---

J. Calvin Clay, Mobile Ala., (Court appointed), Jonathan Shapiro, Boston, Mass., for defendant-appellant.

Charles S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before COLEMAN, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Noble C. Beasley was found guilty of conspiracy to distribute heroin, filing a fraudulent tax return and willful evasion of income taxes. On appeal, we affirmed the convictions but vacated consecutive sentences imposed on the tax counts. *United States v. Beasley,* 519 F.2d 233 (5th Cir. 1975). Beasley filed a petition for certiorari alleging substantially the same grounds treated in our opinion, including allegations of failure to disclose Jencks Act material and improper limitation of cross-examination by defense. *See* 519 F.2d at 249–51. After conducting an independent investigation into the facts underlying this question, the Solicitor General concluded that not all facts relevant to this inquiry had been made known to this court or the trial court. For this reason, he recommended that certiorari be granted on the aforementioned points and the judgment of this court vacated and remanded for reconsideration in light of *Goldberg v. United States,* —— U.S. ——, 96 S.Ct. 1338, 47 L.Ed.2d 603 (1976). The Supreme Court followed that recommendation in an order issued May 3, 1976. *Beasley v. United States,* —— U.S. ——, 96 S.Ct. 1736, 48 L.Ed.2d 201 (1976).

Upon reconsideration, we agree that this case is controlled by *Goldberg.* The facts revealed by the Solicitor General's investigation raise serious questions as to the correctness of the original rulings on the Jencks Act and cross-examination grounds, and these questions cannot be answered on the present record. Accordingly, we remand the case to the district court for an inquiry consistent with the *Goldberg* opinion, —— U.S. at ——, 96 S.Ct. at 1348–49. We remand the entire case to allow the district court to determine what, if any, effect that material may have had on the conduct of the trial as a whole and its constituent counts. Although it does not now appear that the undisclosed material had any bearing on the tax counts, we do not limit the inquiry to the effect on the narcotics count alone.

REMANDED, WITH INSTRUCTIONS.