UNITED STATES of America,
Plaintiff-Appellee,

v.

Noble C. BEASLEY,
Defendant-Appellant.

No. 75–4373.

United States Court of Appeals,
Fifth Circuit.

Dec. 1, 1977.

**1226**

Jonathan Shapiro, Boston, Mass. (Court-appointed), for defendant-appellant.

William A. Kimbrough, Jr., U. S. Atty., E. T. Rolison, Jr., William R. Favre, Jr., Asst. U. S. Attys., Mobile, Ala., for plaintiff-appellee.

ON PETITION FOR REHEARING AND
PETITION FOR REHEARING
EN BANC

(Opinion, January 7, 1977, 5 Cir., 1977,
545 F.2d 403).

Before RIVES,[*] GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

On January 7, 1977, this court affirmed the conviction of Noble C. Beasley for violation of 18 U.S.C. § 1951, which makes unlawful a conspiracy to affect interstate commerce through extortion. *See United States v. Beasley,* 545 F.2d 403 (5th Cir. 1977). Defendant Beasley has filed a petition for rehearing, arguing that a district court hearing in a drug case involving him has revealed possible Jencks Act[1] and/or Brady[2] violations by the Government that extend to the present case. Specifically, in *United States v. Beasley,* 535 F.2d 293 (5th Cir. 1976)—the case, mentioned above, involving federal drug and tax convictions—a panel of this court remanded the case to the district court to hold a hearing on alleged Jencks Act violations. That hearing was completed on December 16, 1976, shortly before this panel released the opinion affirming the extortion conviction in the present case. Following publication of that opinion, defendant Beasley petitioned for a rehearing.

While we find defendant's other objections to affirmance of his conviction to be without merit, we believe his allegations of Jencks Act violations at the trial held on extortion charges to be substantial and to justify a hearing. First, defendant alleges that the December, 1976 hearing revealed the existence of a tape of statements made by Government witness Dickie Diamond that referred to the alleged extortion attempt that was the subject matter of the present trial. We, therefore, direct the district court, on remand, to determine whether that tape constituted Jencks Act materials, and assuming that it did, to determine "what, if any, effect that material may have had on the conduct of the trial as a whole." *United States v. Beasley, supra,* 535 F.2d at 294. In addition, defendant Beasley argues that the December hearing also revealed the likelihood that Diamond made statements relating to the Mobile extortion attempt to the Newark Strike Force of the Department of Justice in that Diamond was cooperating with that group, at the time of the alleged offense, in its nationwide investigation of extortion in the entertainment industry—the crime for which defendant was convicted. On remand, the district court should also inquire into the existence of such statements.

REMANDED.

---

[*] Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46.

[1]. The Jencks Act, 18 U.S.C. § 3500(e), requires the Government to produce the written or recorded statements in its possession of a Government witness.

[2]. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), requires the Government to produce all relevant material that is favorable to the defendant.